ACCEPTED
03-14-00650-CV
5611340
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/9/2015 7:36:27 PM
JEFFREY D. KYLE
CLERK

WESLEY SPEARS AND RENEE JACOBS,

APPELLANTS V.

FALCON POINTE COMMUNITY HOMEOWNERS' ASSOCIATION

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/9/2015 7:36:27 PM
JEFFREY D. KYLE
Clerk

NO. 03-14-00650

JUNE 9, 2015

## APPELLANTS' REPLY BRIEF

Wesley S. Spears, State Bar No. 18898400, Spears Law, 401 Congress Avenue., Suite 1540, Austin, Texas 78701, Tel. 512-696-2222, Fax. 512-687-3499 Attorney for Appellants.

## ORAL ARGUMENT IS REQUESTED

Appeal from County Court One of Travis

County, Texas C-1-CV-13-010214

## IDENTITY OF PARTIES AND COUNSEL

Appellants, Wesley Spears and Renee

Jacobs Appellants' counsel

Wesley S. Spears, State Bar No. 18898400, Spears Law, 401 Congress Avenue., Suite1540, Austin, Texas 78701, Tel (512)696-2222, Fax. 512-687-3401.

Appellee, Falcon Pointe Community Homeowners' Association Appellee's Counsel

David Chamberlain, Chamberlain and McHaney, 301 Congress Avenue, 22nd Floor, Austin, Texas 78701 Tel. 512-474-9124, Fax. 512-474-8585.

# TABLE OF CONTENTS

Identity of the parties and Counsel ......................................... ..................i

Table of Contents......................................................................... .......ii

Issues Presented For Review.......................................... ........................iii

Argument......................................................................... .....................1

1.    Plaintiffs' have not waived their first, third and fourth appellate issues through inadequate briefing.......................................................1-6

2.    Appellants dispute Appellee's claims that Appellants made misrepresentations of facts in Appellants' Statement of Facts............7-11

3.    The trial court abused its discretion by denying Appellants' Motion for Continuance........................................................................ ...........11-12

4.    Appellants have produced clear and concise arguments regarding Appellants two Deceptive Trade Practices Act Claims.......................12-13

5.    Appellants' have established that Judge Wisser and Judge Phillips erred in failing to recuse Judge Phillips.............................................13-15

2

## ISSUES PRESENTED FOR REVIEW

1.     Plaintiffs' have not waived their first, third and fourth appellate issues through inadequate briefing.

2.     Appellants dispute Appellee's claims that Appellants made misrepresentations of facts in Appellants' Statement of Facts.

3.     The trial court abused its discretion by denying Appellants' Motion for Continuance.

4.     Appellants have produced clear and concise arguments regarding Appellants two Deceptive Trade Practices Act Claims.

5.     Appellants' have established that Judge Wisser and Judge Phillips erred in failing to recuse Judge Phillips

## ARGUMENT

The Appellants submit this reply Brief in order to respond point

by point to certain matters raised in Appellee's Brief.

**1.    Plaintiffs' have not waived their first, third and fourth appellate issues through inadequate briefing.**

Appellant's Brief clearly and concisely states why

Appellants' believe Judge Wisser abused his discretion by

denying Appellant's Motion to Recuse Judge Phillips.

Appellants cited the court to extensive testimony by Darryl

Sanders, Appellant, Wesley Spears and statements made by

the Judge on the record that clearly showed that Judge Phillips

should have been recused.[1]

The Judge according to Court Operations Officer in every case except this case heard all Discovery Motions before hearing Motions for Summary Judgment.  Judge Phillips violated the court's own policy in this case.[2]  The testimony of Appellant, Wesley Spears outlined in Appellants' Original Brief demonstrated the hostility Judge Phillips showed toward counsel for Appellants, refusing to hear his arguments almost refusing to let him speak all.[3]

The Appellee states it is offended by the suggestion that the

## 1.

Judge would be biased against the Appellants.  Appellants are even more offended by the bias that Judge Phillips demonstrated against them.  Appellee should not be offended by Appellants' good faith belief that they were the victim of influence peddling and bias. Why is Appellee afraid to face this issue head on, preferring to make light of the suggestion influence peddling, a typical defense mechanism often used in the past to defend against claims of bias.

Is it so hard to believe a Texas County Court Judge would be susceptible to influence peddling in favor of the largest private developer in the United States against an African-American family.   Has it never happened in the past in similar circumstances, of course it has, countless times.  The failure to accept the possibility of influence peddling would be naïve.

This Court should take Judicial Notice of the fact that during the pendency of this matter, a County Judge resigned and went to jail for withholding evidence.   Another Judge was forced to step down because he allegedly illegally sold guns that ended up across the border in Mexico.  Another Judge arrested for DUI, others were arrested for bribery.   Is so hard to believe that an elected County Judge would be susceptible to influence peddling.

2.

In this case, as outlined in Appellants' Brief Judge Phillips made a number of statements regarding rulings he would make even before Motions were filed by Appellee which was not only inappropriate but demonstrated that the Judge's was biased against the Appellants.[4]

6

The Appellants asserted their rights to request all of the books and records of the Homeowners' Association.  Since Appellee failed to file a copy policy, as required by statute, they were statutorily obligated to turn over copies of all the books and records of the Association without cost to Appellants.[5]

Appellants simply out maneuvered the Appellee and in order to avoid producing thousands of pages of documents, it had to resort to appealing to Judge Phillips for a biased and/or discriminatory rulings that defy logic and are unjustified under the relevant case law.  Of course Appellants' have stubbornly maintained their good faith belief that Judge Phillips was impermissibly biased against them, he would not listen to a word counsel for the Appellant said.

This Court needs to look no further than testimony of the Court Operations Officer who admitted he screwed up by failing to schedule, Appellants' Discovery Motions and/or not responding to Appellants two

written requests that he do so.[6]  Whether the Court Operations Officers

7

actions were simply inadvertent, negligent or intentional the Appellants

should not be forced to pay an unjust Judgment because of a

mistake or intentional act of the Court Operations Officer

and/or the Judge.  Especially in light of the fact that Mr.

Sanders instructed the Appellants that they could not talk to

him by telephone and could only communicate in writing.

Even that action seems unusual to the Appellants and leads

them to believe they were being treated differently from every

other party.

In this case, on the day in question, Judge Phillips

announced that he was going on the record.  The first matter

lasted about one minute and then he called the subject case

without any indication he was now going off the record.  The

court reporter never moved from her original position.  There

was no reason for counsel for the Appellant to ask the court to

go on the record since it never went off the record.

When people engage in wrong doing they most often do

it under the cover of darkness that is the reason there is no

8

record.  County Court is a court of record.  Why is there no record?   With no record, Appellee is free to make the argument that their was no record of the rulings on the parties' Summary Judge Motions, therefore, the arguments of Appellants' are outside of the record.   At the very least this matter should

4.

be remanded for a new and fair trial, on the record.

One merely needs to look Judge Phillips' clearly erroneous rulings

denying Appellants' Motion for Summary Judgment and not that was based on the defective nature of the Violation Notice as a matter of law to know he exhibited bias.   The Notice was so defective that Appellee does not even address the issue in its brief because it is unable argue that the Notice was not defective.   Appellee chooses to ignore the defects in the Violation Notice.  The Hearing, which Appellee relies on to justify its actions, was based on that defective Violation Notice and, therefore, the Hearing was also defective, there is no way

9

around that argument.

Appellee also did not address the issue that they violated Texas Property Code § 209.005, because as outlined in Appellants' Brief, it refused, to produce any relevant and material documents that Appellants properly requested, except the few documents identified in Appellants' Original Brief and contained in the Appendix to Appellants' Brief.

Appellants arguments concerning its obligation to produce documents are uncontested by the Appellee because they could not

5.

contest the arguments at trial or here on Appeal.  How can Appellants be found to have violated rules without the Appellee ever identifying the deed restriction(s) that Appellants allegedly violated.   It is like charging a person with a crime and not telling them what crime they committed.

The law is clear, the Violation Notice must identify the

specific deed restriction(s) allegedly violated, in this case it did not and the President of the Association testified that it did not, which should have ended the case.[7] Rather than issuing a new Violation Notice, Appellee chose to defend the case by refusing to cooperate with discovery.  The Appellee's refusal to cooperate with discovery was clearly documented in the Transcript of the May 2014, Hearing in front of Shepperd, J. [8]

Phillips, J. in the first Hearing before him effectively reversed Judge Shepperd's prior ruling as outlined in Appellants' Original Brief refusing to order the release of documents.[9] The Appellee from the beginning of this case has sought to avoid the issue of Appellants' right to all of the books and records of the Homeowners' Association. Appellee's Brief does the same thing attempting to avoid the two issues that have been clearly, precisely and concisely stated by the Appellant from the beginning of the case to the present.

6.

**2.    Appellants dispute Appellee's claims that Appellants made misrepresentation of facts in Appellants' Statement of Facts**.

A.     The Appellee claims that the court did not show bias.  Appellants' claim that the Judge was biased against them is not a misrepresentation of fact it is based on the facts.  Appellants believe that they have adequately demonstrated that Judge Phillips was biased against them, in the facts and arguments contained in this Appellants' Original Brief.

B.     Appellants fence was four feet high when compared to the elevation of Appellants pool because it sits in a drainage ditch.  Appellee produced no evidence disputing this fact.

C.     Diane Bottema, Manager of the Homeowners' Association sent an email attached to Appellants' Original Brief saying that in matters of clear violations the President could speak for the Board.[10] This was in response to Appellants' email to Ms. Bottema indicating that they intended to request a Hearing.  Ranier Ficken the President of the Homeowners' Association testified that he did not have the authority to speak on behalf of the board and that Ms. Bottema's statement in the email was not true.[11]

D.     The Privacy Screen is completely free standing.  The Appellee is disputing the truth without any evidence.

E.     Appellants most certainly made six formal requests for discovery.  The record will reflect four Notices to Take Deposition, three of which were Notices to take Deposition Duces Tecum.  As well as two requests for the Production of Documents.  Evidently the Appellee does not count Notices to take Depositions as a formal discovery requests.

F.     Appellants produced the ballots from Appellee's website which are in the Appendix to Appellants' Original Brief.[12] Appellee produced no evidence that contradict the Ballots produced by the Appellants.  Ranier Ficken, President of the Association testified at his deposition that the Ballots came from the Falcon Pointe website and that there was no reason

12

that Appellant, Wesley Spears name should have been left off the ballot. In additions Appellants produced the sworn affidavits of two neighbors attesting to the fact that Appellant, Wesley Spears' name was left off the Ballot for neighborhood representative. Appellee has produced no contradictory evidence.[13]

G. Once again in an effort to avoid discovery Appellee suggests that the only two members of the Board of Directors who voted at the Hearing that Appellee relies on to justify its actions are not material witnesses in this case, which is utterly ridiculous. Likewise, Appellee's argument that the Property Manager, who Appellants communicated with about the Privacy Screen and whose name is on the Violation Notice is not a material witness is likewise ridiculous.

Finally, the fourth person whose deposition was noticed by Appellants, Natalie Boykin, was the new Property Manager who conducted the election in which the Appellant, Wesley Spears' name was fraudulently left off the ballot and she is therefore, material to Appellants' Deceptive Trade Practices Act claim that he was disenfranchised by Appellee's actions. She could testify, if and why Appellants' name was left of the Ballot.

H. Appellants certainly did challenge all of the Court's the rulings, including the Courts' Ruling on Appellants' Summary Judgment evidence. The Appendix to Appellants' Brief includes the court's ruling as an Order appealed from.[14] Further, Appellants' Briefs in response Appellee's Motion for Summary Judgment, extensively argued against the court's findings.[15]

Appellants' argued that because the Violation Notice is defective as a matter of law, which is a preliminary issue that must be determined before the court even reaches the claim that the Appellee held a Hearing that properly found Appellants in violation of a deed restriction of the Association.

That issue should have never been reached since the Violation Notice is clearly defective. The President of the Association testified that the Notice did not provide the specific deed restriction that was violated and, therefore, was fatally defective. The same holds true of Appellants right to the records of the Association that Appellee refused to produce to Appellants.

8.

I.      Appellee filed a an objection Appellants' Fifth Amended Complaint but never sought or obtained a ruling seemingly withdrawing its objection based on Appellants' representation that the delay in filing was caused by the myfilerunner internet filing service and therefore, it is the operative Petition that this Honorable Court should review in deciding this case.[16]

Appellant's Fifth Amended Complaint provides in pertinent part

states as follows:

25.   "Plaintiffs seek a declaration that all Notices of Violation issued by defendant in this case are defective because they fail to provide the specific rule that the Association is claiming that the Plaintiffs allegedly violated. Plaintiffs also seek a declaration that the defendant's Notices of the Violation of Rules of the Association in this case were defective because they failed to provide a valid cure date as provided by law.

26.   Plaintiffs seek declaration that fines may not be imposed in this case because they were based on a defective Notice and Hearing in this matter.

27.   Plaintiffs seek a declaration that the Association may not deny Plaintiffs access to the records of the Association and the Association must keep the records in a manner which makes them reasonably available to the Plaintiffs'.

28.   Plaintiffs also seek a declaration that the Association

14

must not use false and/or misleading statements of the Property Manager to prevent plaintiffs from seeking a Hearing prior to the Board taking enforcement action against plaintiffs dedicatory violations as defendant did in this case.

29.    Plaintiffs also seek a declaration that the Homeowners' Association must conduct a fair and open and verifiable elections for neighborhood representative and Directors and that the Plaintiff, Wesley Spears, name was intentionally omitted from the Election Ballot.

9.

30.    A declaration that the failure to cite a specific rule before finding plaintiffs in violation of the rules of the Association and/or denial of equal protection of the rules of the Association.

31.    Plaintiffs seek a declaration that the President of the Association may not act in this matter for the Board in matters requiring Board approval as falsely and deceptively represented by the Property Manager, Diane Bottema to the Plaintiffs.

32.    Plaintiffs seeks a declaration that it is a deceptive trade practice for the Property Manager to mislead plaintiffs into believing they were not entitled to a Hearing upon the receipt of the First Violation in this case.

33.    Finally, the plaintiffs seek a declaration that the Privacy Screen in question was built in substantial compliance with the example and verbal instructions which were provided to the plaintiffs by the Property Manager , Diane Bottema and Ranier Ficken, President of the Homeowners' Association and the Developer, Newland Properties', Property Manager and it is not in violation of the Rules of the Association and/or that the actions of the Board were Arbitrary and Capricious because it was not based on a violation of the Rules of the

15

Association." [17]

Again it is the Appellee not the Appellant who mistakes the state of the pleadings and therefore, its argument that Appellants' Complaint seeks an advisory opinion is without merit because it does not.

Appellee never moved to strike the Appellants' Fifth Amended Complaint nor did raise any issue regarding Appellants' Complaint in the Orders they requested the Judge to make in regards to Appellants' Summary Judgment evidence. The Court made no rulings regarding the Appellants' Fifth Amended Petition and therefore, it is the operative pleading. Appellee

10.

will undoubtedly argue that Appellants' Fifth Amended Complaint was filed six hours late. They did seek any Orders regarding the Appellants Fifth Amended Petition seemly agreeing that they could not have been prejudiced by the six-hour delay caused by problems with the myfilerunner, internet filing system.

**3.     The trial court abused its discretion by refusing to Hear Appellants' Three Motions to Compel and Motion**

**for Continuance.**

Appellants' filed the subject Motion for Continuance as a last resort when the Court Operations Officer admittedly failed to respond to emails from Appellants requesting that Appellants three Motions to Compel be heard before the Summary Judgment Hearing. Appellants, September 8 and 9, 2014, emails clearly state that they wanted their Motions to Compel heard before parties' Summary Judgment Motions. It would make no sense and would be futile to hear discovery Motions after the Judge grants Summary Judgment.

The Appellee again misrepresents the statements of counsel of Appellants' stating that he would leave it to the courts discretion as the appropriate date for the Hearing of the parties Motion to Compel. Counsel

11.

was merely relating that he would make himself available anytime the

Judge requested, but as stated in the emails to the Court

Operations Officer and the Motion for Continuance, Appellants

wanted their Motions to Compel be heard before the parties

Motion for Summary Judgment anything else would not make

sense and would be futile after

the court granted Appellee's Motion for Summary Judgment.

**4.    Appellants have produced clear and concise arguments regarding their two Deceptive Trade Practices Act Claims.**

Appellants' Original Brief clearly and concisely argues

Appellants' Deceptive Trade Practices Act claims.  First,

Appellants' clearly demonstrated that they were lied to by the

Property Manager, Diane Bottema in an email in response to

Appellants' email indicating they were going to request a

Hearing after conducting an investigation.[18] The Property

Manager responded in in her email that in matters of clear

violations the President of the Board of the Association could

act for the Board.[19] Appellants pointed to the testimony of the

President of the Association, Ranier Ficken who testified that

the statement of the Property Manager, Diane Bottema, was

untrue.[20]

18

12.

Second, as outlined in Appellant's Original Brief, Appellants, alleged that Appellant, Wesley S. Spears properly applied to have his named put on the ballot for neighborhood representative. Appellant produced a copy of the Ballot downloaded from the Appellee's website.

Ranier Ficken the president of the Association testified that indeed the Ballots came from the Association website. In addition, Appellants produced Affidavits of two neighbors attesting to the fact that Appellant, Wesley Spears' name was left of the Ballot for neighborhood representative in June of 2014, disenfranchising him. Once again the Appellee is trying to subvert the truth and distort the facts without producing any evidence to contradict the representations of the Appellants.

**5.  Appellants' have established that Judge Wisser and Judge Phillips erred in failing to recuse Judge**

19

**Phillips**

Appellants have maintained from the time of Hearing of the parties' Motion for Summary Judgment to the present that Judge Phillips rulings, demeanor, including the violation of the court's policy that all pending Discovery Motions be heard before hearing a Summary Judgment Motion, were biased. The failure of the court to adhere its policy in only this

13.

case would make any reasonable person question Judge Phillips' impartiality based on the Court's Operations Officer's own sworn testimony.

Although counsel for the Appellant suspected the Judge was biased at the first Hearing that Judge Phillips presided over because he overruled Judge Shepperd's previous order, he had not reached a good faith belief that the Judge's was biased against Appellants until the Summary Judgment Hearing. Appellants' counsel did not form a good faith belief that the Judge was biased until he was denied a reasonable opportunity to be heard regarding Appellants' Motions to

20

Compel, Motion for Continuance, and, the parties' Motions for Summary Judgment.

Counsel for the Appellant filed a Motion to recuse Judge Phillips within two hours of the conclusion of the Hearing of the Parties' Summary Judgment Motion.   Appellants' filed their Motion to Recuse Judge Phillips at the earliest possible moment after they formed a good faith belief that he was biased against them.

Counsel for the Appellant had been before Judge Phillips on only one prior occasion in this case and in his life, before the Hearing of the parties' Motion for Summary Judgment. The first was at the July 1, 2014,

14.

hearing of Appellants' Motion to Compel Documents.

In fact none of the authorities cited by the Appellee contradict anything the Appellants argued in their Original Brief regarding the bias of Judge Phillips.  It is up to this Honorable Court to decide whether the facts demonstrate that a

21

reasonable person knowing all the facts would question whether Judge Phillips was biased and the other issues in this case.

Appellants' Wesley Spears and Renee Jacobs

/s/ Wesley S. Spears

By:_____

Wesley S. Spears
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Tel.: 512-696-2222
Fax.: 512-687-3499
Attorney For Appellants

15.

## CERTIFICATE OF COMPLIANCE

In compliance with the Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 3839 words.

/s/Wesley S. Spears

_____

Wesley S. Spears

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served by via electronic service on the following counsel for the Appellee on this 9th day of June, 2015:

David Chamberlain
David Campbell
301 Congress Avenue, 22nd floor
Austin, Texas 78701

**Attorney for Defendant/Appellee**

/s/Wesley S. Spears

_____

Wesley S. Spears

16.

FOOTNOTES

23

1 See Appellants' Original Brief p. 20-27.
2 See Appellants' Original Brief p. 20-27.
3 See Appellants' Original Brief p. 20-27.
4 See Appellants' Original Brief p. 31-32.
5 See Appellants' Original Brief p. 14-15.
6 See Appellants' Original Brief p.  20-25.
7 See Appellants' Original Brief p. 48-56.
8 See Appellants' Original Brief p. 12-14.
9 See Appellants' Original Brief p. 15-16.
10 See Appellants' Original Brief Appendix p. 3
11 See Appellants' Original Brief p. 6
12 See Appellants' Original Brief p. 24-25.
13 See Appellants' Original Brief Appendix  p. 28-29.
14 See Appellants' Original Brief Appendix p. 38-39
15 See Court Record Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion for Traditional and No-Evidence Summary Judgment p. 992-1021.
16 See Appellants' Fifth Amended Complaint, Court Record p. 929-931.
17 See Appellants' Fifth Amended Complaint Court Record p. 929-931.
18 See Appellants' Fifth Amended Complaint Court Record p. 929-931
19 See Appellants Original Brief p. 2.
20 See Appellants' Original Brief p. 3.